$A^m$

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. **1 : 0 9 C R  0 3 4** |
| | : | |
| **Plaintiff,** | : | **Judge** |
| **v.** | : | |
| | : | **INDICTMENT** |
| **JEFFREY McCURDY (1),** | : | 18 U.S.C. § 2 |
| **a/k/a DERRICK HAMMOND,** | : | 18 U.S.C. § 371   **BECKWITH** |
| **MICHAEL FRAVER (2),** | : | 18 U.S.C. § 1028A |
| **a/k/a JEREMY GIBSON, and** | : | 18 U.S.C. § 1029 |
| **MICHAEL GREGORIO (3),** | : | 18 U.S.C. § 1343 |
| | : | 18 U.S.C. § 1344 |
| **Defendants.** | : | 18 U.S.C. § 1349 |
| | : | 18 U.S.C. § 1956 |
| | : | |

**The Grand Jury charges that:**

## COUNT 1
### Conspiracy to Commit Bank Fraud and Wire Fraud

**A.  THE CONSPIRACY AND ITS OBJECTS**

Beginning in or about December 2006, and continuing to on or about February 5, 2007, in the Southern District of Ohio and elsewhere, defendants **JEFFREY McCURDY**, **MICHAEL FRAVER**, and **MICHAEL GREGORIO** unlawfully, knowingly, and willfully did combine, conspire, confederate, and agree between and among themselves, and with a person known to the Grand Jury, to commit the following offenses:

1.  knowingly execute a scheme and artifice to defraud and to obtain the moneys, funds, assets and property owned by, or under the custody or control of, financial institutions the deposits of which were at all relevant times insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, in violation of 18

U.S.C. §§ 1344(1), 1344(2), and 2; and

2.      knowingly devise and participate in a scheme and artifice to defraud and to obtain money and property, by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted, in interstate and foreign commerce, by means of wire communications, certain signs and signals, that is, internet transmissions of stolen account numbers with associated personal identification numbers and wire transfers of fraud proceeds, for the purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. §§ 1343 and 2.

## B.      MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the goals of their conspiracy included, among others, the following:

1.      Defendant **JEFFREY McCURDY** received in the Southern District of Ohio, through the internet, stolen account numbers with associated personal identification numbers ("PINs") from an unindicted co-conspirator in Russia.

2.      Defendant **JEFFREY McCURDY** transferred the account numbers from his computer to defendant **MICHAEL GREGORIO's** computer which enabled defendant **JEFFREY McCURDY**, with the assistance of device-making equipment, to encode the stolen account numbers onto blank plastic cards with magnetic strips or onto gift cards.

3.      Defendants **JEFFREY McCURDY, MICHAEL FRAVER,** and **MICHAEL GREGORIO** made unauthorized cash withdrawals at automated teller machines ("ATMs") with the counterfeit ATM cards, produced by defendant **JEFFREY McCURDY** with account numbers issued by federally-insured financial institutions.

2

4.      Defendants **JEFFREY McCURDY**, **MICHAEL FRAVER**, and **MICHAEL GREGORIO**
        wire transferred proceeds from the fraud scheme to an unindicted co-conspirator in Russia
        or to a person known to the Grand Jury in Turkey. To conceal their true identities,
        defendants **JEFFREY McCURDY** and **MICHAEL FRAVER** used fictitious California
        driver's licenses to initiate the wire transfers.

5.      In exchange for the proceeds of the fraud scheme, the unindicted co-conspirator sent
        additional stolen account numbers with associated PINs, through the internet, to defendant
        **JEFFREY McCURDY**.

## C.      OVERT ACTS

        In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendants,
performed among others, the following overt acts:

1.      Beginning in or about December 2006, and continuing up to February 2007, defendants
        **JEFFREY McCURDY**, **MICHAEL FRAVER**, and **MICHAEL GREGORIO** produced
        and used counterfeit ATM cards at least on a weekly basis to withdraw cash from ATMs
        located in the Southern District of Ohio.

2.      On or about January 9, 2007, defendant **JEFFREY McCURDY**, using the alias Derrick
        Hammond, transmitted or caused to be transmitted a wire transfer of fraud proceeds in the
        amount of $6,000.00 by MoneyGram from Biggs in Cincinnati, Ohio, to an unindicted co-
        conspirator in Novosibirsk, Russia.

3.      On or about January 14, 2007, defendant **MICHAEL FRAVER**, using the alias Jeremy
        Gibson, transmitted or caused to be transmitted a wire transfer of fraud proceeds in the
        amount of $6,000.00 by MoneyGram from Wal-Mart in Cincinnati, Ohio, to a person known

3

to the Grand Jury in Mugla, Turkey.

4.      On or about January 18, 2007, defendants **JEFFREY McCURDY** and **MICHAEL FRAVER** purchased, at AAA Travel in Cincinnati, Ohio, four travel money cards valued at $38,000.00 with cash proceeds of the fraud scheme. The defendants used fictitious California driver's licenses to complete the financial transactions. An unindicted co-conspirator in Russia or another dissipated the funds on the money cards by conducting international ATM transactions.

5.      On or about January 25, 2007, defendant **MICHAEL GREGORIO** used a counterfeit ATM card, account number ending in 2134 and issued by Bank of America (formerly known as Fleet Bank), a federally-insured financial institution, to withdraw the amount of $100.00 from an ATM associated with Huntington Bank in Cincinnati, Ohio.

6.      On or about January 25, 2007, defendant **MICHAEL GREGORIO** used a counterfeit ATM card, account number ending in 1493 and issued by HSBC Bank, a federally-insured financial institution, to withdraw the amount of $1,000.00 from an ATM associated with Huntington Bank in Cincinnati, Ohio.

7.      On or about January 26, 2007, defendant **MICHAEL FRAVER** used a counterfeit ATM card, ending in 7091 and issued by Chase Bank, a federally-insured financial institution, to withdraw the amount of $1,000.00 from an ATM associated with National City Bank in Dayton, Ohio.

8.      On or about January 28, 2007, defendant **JEFFREY McCURDY**, using the alias Derrick Hammond, transmitted or caused to be transmitted a wire transfer of fraud proceeds in the amount of $2,500.00 by Western Union from Akwaaba African Market in Cincinnati, Ohio,

4

to a person known to the Grand Jury in Mugla, Turkey.

9.  On or about January 28, 2007, defendant **MICHAEL FRAVER**, using the alias Jeremy Gibson, transmitted or caused to be transmitted a wire transfer of fraud proceeds in the amount of $2,500.00 by Western Union from Meijer in Fairfield, Ohio, to a person known to the Grand Jury in Mugla, Turkey.

10. On or about January 30, 2007, defendant **JEFFREY McCURDY**, using the alias Derrick Hammond, transmitted or caused to be transmitted a wire transfer of fraud proceeds in the amount of $2,500.00 by Western Union from Lo Bills in Cincinnati, Ohio, to a person known to the Grand Jury in Mugla, Turkey.

11. On or about February 3, 2007, defendant **MICHAEL FRAVER** used a counterfeit ATM card, ending in 2921 and issued by Chase Bank, a federally-insured financial institution, to withdraw the amount of $500.00 from an ATM associated with Fifth Third Bank in Hamilton, Ohio.

12. On or about February 3, 2007, defendant **MICHAEL FRAVER** used a counterfeit ATM card, account number ending in 7782 and issued by Commerce Bank, a federally-insured financial institution, to withdraw the amount of $500.00 from an ATM associated with PNC Bank in West Chester, Ohio.

13. On or about February 3, 2007, defendant **MICHAEL FRAVER** used a counterfeit ATM card, account number ending in 7087 and issued by Bank of America (formerly known as Fleet Bank), a federally-insured financial institution, to withdraw the amount of $600.00 from an ATM associated with Fifth Third Bank in Hamilton, Ohio.

14. On or about February 3, 2007, defendant **MICHAEL FRAVER** used a counterfeit ATM

5

card, account number ending in 0425 and issued by Bank of America (formerly known as Fleet Bank), a federally-insured financial institution, to withdraw the amount of $600.00 from an ATM associated with Huntington Bank in West Chester, Ohio.

**All in violation of Title 18, United States Code, Section 1349.**

### COUNTS 2-6
### Wire Fraud

## A.    PURPOSE OF THE SCHEME AND ARTIFICE

Beginning in or about December 2006, and continuing to on or about February 5, 2007, in the Southern District of Ohio and elsewhere, defendants **JEFFREY McCURDY**, **MICHAEL FRAVER**, and **MICHAEL GREGORIO** knowingly devised and participated in a scheme and artifice to defraud and to obtain money and property, by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted, in interstate and foreign commerce, by means of wire communications, certain signs and signals, that is, internet transmissions of stolen account numbers with associated personal identification numbers and wire transfers of fraud proceeds, for the purpose of executing the scheme and artifice to defraud.

## B.    THE SCHEME AND ARTIFICE

The scheme and artifice to defraud by false and fraudulent transmissions by wire communication is further described as follows:

The Grand Jury realleges and incorporates by reference Part B of Count 1 of the Indictment as though set forth in full herein.

## C.    THE WIRE COMMUNICATION

On or about the dates alleged in the table below, in the Southern District of Ohio, defendants

6

**JEFFREY McCURDY** and **MICHAEL FRAVER**, for the purpose of executing the scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communications, certain signs and signals, that is, wire transfers of fraud proceeds, as further described in the table below:

| Count | Date | Sender | Money Transmitter | Receiver | Amount |
|-------|------|--------|-------------------|----------|--------|
| 2 | 01/09/07 | Jeffrey McCurdy, using alias Derrick Hammond, from Cincinnati, Ohio | MoneyGram | unindicted co-conspirator in Novosibirsk, Russia | $6,000.00 |
| 3 | 01/14/07 | Michael Fraver, using alias Jeremy Gibson, from Cincinnati, Ohio | MoneyGram | person known to the Grand Jury in Mugla, Turkey | $6,000.00 |
| 4 | 01/28/07 | Jeffrey McCurdy, using alias Derrick Hammond, from Cincinnati, Ohio | Western Union | person known to the Grand Jury in Mugla, Turkey | $2,500.00 |
| 5 | 01/28/07 | Michael Fraver, using alias Jeremy Gibson, from Fairfield, Ohio | Western Union | person known to the Grand Jury in Mugla, Turkey | $2,500.00 |
| 6 | 01/30/07 | Jeffrey McCurdy, using alias Derrick Hammond, from Cincinnati, Ohio | Western Union | person known to the Grand Jury in Mugla, Turkey | $2,500.00 |

**All in violation of Title 18, United States Code, Section 1343.**

### COUNT 7
**Conspiracy to Commit Access Device Fraud**

## A.    THE ACCESS DEVICE FRAUD CONSPIRACY AND ITS OBJECTS

Beginning in or about December 2006, and continuing to on or about February 5, 2007, in

7

the Southern District of Ohio and elsewhere, defendants **JEFFREY McCURDY**, **MICHAEL FRAVER**, **MICHAEL GREGORIO**, unlawfully, knowingly, and willfully did combine, conspire, confederate, and agree between and among themselves, and with a person known to the Grand Jury, to commit the following offenses against the United States:

1.     knowingly, and with the intent to defraud, produce and use one or more counterfeit access devices, that is, white plastic cards or gift cards encoded with stolen account numbers with associated PINs, said production and use affecting interstate and foreign commerce, as follows:

   a.     an unindicted co-conspirator in Russia sent the stolen account numbers and associated PINs through the internet;

   b.     the stolen account data belonged to persons outside the Southern District of Ohio;

   c.     the ATM transactions carried out by the defendants used ordinary banking channels and created electronic impulses that directed banks to transfer funds to the defendants; and

   d.     the defendants transferred the proceeds of the fraud scheme overseas in exchange for additional stolen account numbers with associated PINs, in violation of 18 U.S.C. § 1029(a)(1); and

2.     knowingly, and with the intent to defraud, possess equipment designed or primarily used for making an access device or a counterfeit access device, said activity affecting interstate and foreign commerce, as follows:

   a.     the equipment used by the defendants to encode white plastic cards or gift cards with stolen account numbers was manufactured outside the Southern District of Ohio;

8

b.      an unindicted co-conspirator in Russia sent the stolen account numbers and associated PINs through the internet for encoding counterfeit ATM cards with the device-making equipment;

c.      the stolen account data belonged to persons outside the Southern District of Ohio;

d.      the ATM transactions carried out by the defendants used ordinary banking channels and created electronic impulses that directed banks to transfer funds to the defendants; and

e.      the defendants transferred the proceeds of the fraud scheme overseas in exchange for additional stolen account numbers with associated PINs, in violation of 18 U.S.C. § 1029(a)(4).

## B.    MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the goals of their access device fraud conspiracy included, among others, the following:

The Grand Jury realleges and incorporates by reference Part B of Count 1 of the Indictment as though set forth in full herein.

## C.    OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendants, performed among others, the following overt acts:

1.      Beginning in or about December 2006, and continuing up to February 2007, defendants **JEFFREY McCURDY, MICHAEL FRAVER,** and **MICHAEL GREGORIO** produced and used counterfeit ATM cards at least on a weekly basis to withdraw cash from ATMs located in the Southern District of Ohio.

9

2.     On or about January 25, 2007, defendant **MICHAEL GREGORIO** used a counterfeit ATM card, account number ending in 2134 and issued by Bank of America (formerly known as Fleet Bank), a federally-insured financial institution, to withdraw the amount of $100.00 from an ATM associated with Huntington Bank in Cincinnati, Ohio.

3.     On or about January 25, 2007, defendant **MICHAEL GREGORIO** used a counterfeit ATM card, account number ending in 1493 and issued by HSBC Bank, a federally-insured financial institution, to withdraw the amount of $1,000.00 from an ATM associated with Huntington Bank in Cincinnati, Ohio.

4.     On or about January 26, 2007, defendant **MICHAEL FRAVER** used a counterfeit ATM card, ending in 7091 and issued by Chase Bank, a federally-insured financial institution, to withdraw the amount of $1,000.00 from an ATM associated with National City Bank in Dayton, Ohio.

5.     On or about February 3, 2007, defendant **MICHAEL FRAVER** used a counterfeit ATM card, ending in 2921 and issued by Chase Bank, a federally-insured financial institution, to withdraw the amount of $500.00 from an ATM associated with Fifth Third Bank in Hamilton, Ohio.

6.     On or about February 3, 2007, defendant **MICHAEL FRAVER** used a counterfeit ATM card, account number ending in 7782 and issued by Commerce Bank, a federally-insured financial institution, to withdraw the amount of $500.00 from an ATM associated with PNC Bank in West Chester, Ohio.

7.     On or about February 3, 2007, defendant **MICHAEL FRAVER** used a counterfeit ATM card, account number ending in 7087 and issued by Bank of America (formerly known as

10

Fleet Bank), a federally-insured financial institution, to withdraw the amount of $600.00 from an ATM associated with Fifth Third Bank in Hamilton, Ohio.

8.      On or about February 3, 2007, defendant **MICHAEL FRAVER** used a counterfeit ATM card, account number ending in 0425 and issued by Bank of America (formerly known as Fleet Bank), a federally-insured financial institution, to withdraw the amount of $600.00 from an ATM associated with Huntington Bank in West Chester, Ohio.

**All in violation of Title 18, United States Code, Section 371.**

## COUNT 8
### Conspiracy to Commit Money Laundering

### A.      THE MONEY LAUNDERING CONSPIRACY AND ITS OBJECTS

Beginning in or about December 2006, and continuing to on or about February 5, 2007, in the Southern District of Ohio and elsewhere, defendants **JEFFREY McCURDY**, **MICHAEL FRAVER**, and  **MICHAEL GREGORIO** unlawfully, knowingly, and willfully did combine, conspire, confederate, and agree between and among themselves, and with a person known to the Grand Jury to conduct or attempt to conduct financial transactions which in fact involved the proceeds of specified unlawful activity. The defendants did these acts with the knowledge that such property was derived from a specified unlawful activity, that is, access device fraud in violation of 18 U.S.C. § 1029, wire fraud in violation of 18 U.S.C. § 1343, and bank fraud in violation of 18 U.S.C. § 1344, and with the intent to promote the carrying on of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

### B.      MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the goals of their

money laundering conspiracy included, among others, the following:

1.    Defendants **JEFFREY McCURDY**, **MICHAEL FRAVER**, **MICHAEL GREGORIO**, and a person known to the Grand Jury conspired to defraud federally-insured financial institutions, using counterfeit access devices and wire communications, among other means, to execute the scheme. This fraud scheme generated thousands of dollars in proceeds of specified unlawful activity, that is, proceeds of access device fraud in violation of 18 U.S.C. § 1029, proceeds of bank fraud in violation of 18 U.S.C. § 1341, and proceeds of wire fraud in violation of 18 U.S.C. §1343.

2.    To promote the carrying on of said specified unlawful activity, defendants **JEFFREY McCURDY**, **MICHAEL FRAVER**, and **MICHAEL GREGORIO** wire transferred proceeds from the fraud scheme to an unindicted co-conspirator in Russia or to a person known to the Grand Jury in Turkey. Defendants **JEFFREY McCURDY** and **MICHAEL FRAVER** used fictitious California driver's licenses to initiate the wire transfers and to conceal their true identities.

3.    To promote the carrying on of said specified unlawful activity, defendants **JEFFREY McCURDY** and **MICHAEL FRAVER** purchased travel money cards from AAA Travel with fraud proceeds and made them available for use by the unindicted co-conspirator.

4.    In exchange for the proceeds of the fraud scheme, the unindicted co-conspirator sent additional stolen account numbers with associated PINs, through the internet, to defendant **JEFFREY McCURDY**.

**C.    OVERT ACTS**

In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendants,

performed among others, the following overt acts:

1.     On or about January 9, 2007, defendant **JEFFREY McCURDY**, using the alias Derrick
       Hammond, transmitted or caused to be transmitted a wire transfer of fraud proceeds in the
       amount of $6,000.00 by MoneyGram from Biggs in Cincinnati, Ohio, to an unindicted co-
       conspirator in Novosibirsk, Russia.

2.     On or about January 14, 2007, defendant **MICHAEL FRAVER**, using the alias Jeremy
       Gibson, transmitted or caused to be transmitted a wire transfer of fraud proceeds in the
       amount of $6,000.00 by MoneyGram from Wal-Mart in Cincinnati, Ohio, to a person known
       to the Grand Jury in Mugla, Turkey.

3.     On or about January 18, 2007, defendants **JEFFREY McCURDY** and **MICHAEL
       FRAVER** purchased, at AAA Travel in Cincinnati, Ohio, four travel money cards valued at
       $38,000.00 with cash proceeds of specified unlawful activity. The defendants used fictitious
       California driver's licenses to complete the financial transactions. An unindicted co-
       conspirator dissipated the funds on the money cards by conducting international ATM
       transactions.

4.     On or about January 28, 2007, defendant **JEFFREY McCURDY**, using the alias Derrick
       Hammond, transmitted or caused to be transmitted a wire transfer of fraud proceeds in the
       amount of $2,500.00 by Western Union from Akwaaba African Market in Cincinnati, Ohio,
       to a person known to the Grand Jury in Mugla, Turkey.

5.     On or about January 28, 2007, defendant **MICHAEL FRAVER**, using the alias Jeremy
       Gibson, transmitted or caused to be transmitted a wire transfer of fraud proceeds in the
       amount of $2,500.00 by Western Union from Meijer in Fairfield, Ohio, to a person known

                                                 13

to the Grand Jury in Mugla, Turkey.

6.     On or about January 30, 2007, defendant **JEFFREY McCURDY**, using the alias Derrick

Hammond, transmitted or caused to be transmitted a wire transfer of fraud proceeds in the

amount of $2,500.00 by Western Union from Lo Bills in Cincinnati, Ohio, to a person known

to the Grand Jury in Mugla, Turkey.

**All in violation of Title 18, United States Code, Section 1956(h).**

### COUNT 9
### Aggravated Identity Theft

In or around January 2007, in the Southern District of Ohio, defendants **JEFFREY**

**McCURDY, MICHAEL FRAVER**, and **MICHAEL GREGORIO**, aiding and abetting each other,

during and in relation to the crime of conspiracy to commit bank fraud as set forth in Count 1 of this

Indictment, did knowingly possess and use, without lawful authority, a means of identification of

persons known and unknown to the Grand Jury, namely, account numbers and associated PINs.

**In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.**

### FORFEITURE ALLEGATION 1
### Specified Unlawful Activity Proceeds

Upon conviction of one or more of the offenses alleged in Count 1 (conspiracy to commit

bank fraud and wire fraud), Counts 2-6 (wire fraud), and Count 7 (conspiracy to commit access

device fraud) of this Indictment, defendants **JEFFREY McCURDY**, **MICHAEL FRAVER**, and

**MICHAEL GREGORIO**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any

property constituting or derived from proceeds obtained directly or indirectly as a result of the said

violations, including but not limited to a sum of money equal to the total amount of money in United

States currency, representing the amount of proceeds obtained as a result of the offenses, 18 U.S.C.§

14

1349, conspiracy to commit bank fraud and wire fraud; 18 U.S.C.§ 1343, wire fraud; and 18 U.S.C.§ 371, conspiracy to commit access device fraud, for which the defendants are jointly and severally liable.

**All in accordance with 18 U.S.C. § 982(a)(2), and Rule 32.2(a), Federal Rules of Criminal Procedure.**

## FORFEITURE ALLEGATION 2
## Money Laundering

Pursuant to 18 U.S.C. § 982(a)(1), each defendant who is convicted of the offense set forth in Count 8 shall forfeit to the United States the following property:

1. All right, title, and interest in any and all property involved in the offense in violation of 18 U.S.C. § 1956(h), for which the defendant is convicted, and all property traceable to such property, including the following: (1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; (2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and (3) all property used in any manner or part to commit or to facilitate the commission of those violations.

2. A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

**All in accordance with 18 U.S.C. § 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.**

15

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the

defendants: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold

to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has

been substantially diminished in value; or (5) has been commingled with other property which

cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. §

853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said

defendants up to the value of the forfeitable property described above.

A TRUE BILL.

GRAND JURY FOREPERSON

GREGORY G. LOCKHART
UNITED STATES ATTORNEY

ANTHONY SPRINGER
DEPUTY CRIMINAL CHIEF

16