AO 245B (Rev. 06/05) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Southern District of Ohio at Cincinnati

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**Michael Fraver** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **1:09-CR-34-02**<br><br>USM Number: 04845-061<br><br>Christopher G. Atkins, Esq.<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔] pleaded guilty to count(s): <u>One and Nine of the Indictment</u>.
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1349 | Conspiracy to Commit Bank and Wire Fraud | | One |
| 18 U.S.C. §1028A(a)(1) | Aggravated Identity Theft | | Nine |

The defendant is sentenced as provided in pages 2 through <u>10</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___.

[✔] Count(s) <u>Two through Eight of the Indictment</u> are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

September 9, 2009
Date of Imposition of Judgment

_Signature of Judicial Officer_

**SANDRA S. BECKWITH**, Senior United States District Judge
Name & Title of Judicial Officer

9/9/09
Date

AO 245B (Rev. 06/05) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 1:09-CR-34-02 | Judgment - Page 2 of 10 |
| DEFENDANT: | Michael Fraver | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 27 Months on Count One and 24 Months on Count Nine, terms to run consecutively .

[XX] The court makes the following recommendations to the Bureau of Prisons:
Defendant shall be placed in closest appropriate facility to Dayton, Ohio
The Court recommends that Defendant be evaluated for mental health/psychological treatment.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
  [ ] at ___ on ___.
  [ ] as notified by the United States Marshal.

[✔] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  [ ] before 2:00 p.m. on _.
  [XX] as notified by the United States Marshal but no sooner than **November 1, 2009.**
  [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER:   1:09-CR-34-02                                                                                                Judgment - Page 3 of 10
DEFENDANT:    Michael Fraver

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Five Years on Count One and One Year on Count Nine, terms to run concurrently .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

[ ]     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

14) Defendant shall not incur any new credit charges or open additional lines of credit until the

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:09-CR-34-02 | Judgment - Page 4 of 10 |
| DEFENDANT: | Michael Fraver | |

15) Defendant must provide the Probation Officer access to any financial information or records as requested.

16) Defendant must pay any unpaid balance on the restitution, and agree to sign a promissory note to repay all the financial institutions that are owed restitution.

17) Defendant shall undergo a mental health and/or substance abuse assessment and participate in treatment if deemed appropriate, at the direction of the Probation Officer.

AO 245B (Rev. 06/05) Sheet 5 - Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: | 1:09-CR-34-02 | Judgment - Page 5 of 10 |
| DEFENDANT: | Michael Fraver | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ 0.00 | $ 257,690 |

[ ] The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✔] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.
(SEE NEXT PAGE)

AO 245B (Rev. 06/05) Sheet 5 - Criminal Monetary Penalties

| | | | Judgment - Page 6 of 10 |
|---|---|---|---|
| CASE NUMBER: | 1:09-CR-34-02 | | |
| DEFENDANT: | Michael Fraver | | |

| Name of Payee | Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Anchor Mutual Savings Bank<br>Attn: Abby Slasson<br>120 N. Broadway Street<br>Aberdeen, WA 98520-6209 | $500.00 | 500.00 | 100% |
| Astoria Federal Savings<br>Attn: Catherine Scardigno<br>Astoria Federal Plaza<br>Lake Success, NY 11042 | $2,400.00 | $2,400.00 | 100% |
| Banco Popular<br>Attn: Brian Jordan<br>9600 W. Bryn Maur<br>Rosemont, IL 60018 | $500.00 | $500.00 | 100% |
| Bank of America<br>Attn: Brenda Volks<br>101 South Tryon Street<br>Charlotte, NC 28280 | $38,390.00 | $38,390.00 | 100% |
| Bank North, National Association<br>Attn: Teresa Brady<br>Two Portland Square<br>Portland, ME 04101-4057 | $1,000.00 | $1,000.00 | 100% |
| Bay Ridge Federal Credit Union<br>Attn: Doria Giardina<br>9000 Fourth Avenue<br>Brooklyn, NY 11209 | $880.00 | $880.00 | 100% |
| Chase Manhattan Bank USA, NA<br>Attn: Terry Kirk<br>Asset Recovery Investigations, OH-10612<br>1111 Polaris Parkway<br>Columbus, OH 43240-2050 | $69,200.00 | $69,200.00 | 100% |
| Comerica Bank<br>Attn: Patty Ottman<br>500 Woodward Avenue<br>Detroit, MI 48226 | $1,000.00 | $1,000.00 | 100% |
| Commerce Bank<br>Deposit Loss Prevention, Electronic Control<br>1100 Atrium Way<br>Mount Laurel, NJ 08054-3835 | $33,830.00 | $33,830.00 | 100% |

AO 245B (Rev. 06/05) Sheet 5 - Criminal Monetary Penalties

| | | | Judgment - Page 7 of 10 |
|---|---|---|---|
| CASE NUMBER: | 1:09-CR-34-02 | | |
| DEFENDANT: | Michael Fraver | | |

| | | | |
|---|---|---|---|
| Discover<br>Attn: Leslie White<br>6500 New Albany Road East<br>New Albany, OH 43054 | $500.00 | $500.00 | 100% |
| Emigrant Savings Bank<br>Attn: Robert Weaver, Legal Department<br>6 East Forty-Third Street<br>New York, NY 10017 | $4,200.00 | $4,200.00 | 100% |
| Finger Lakes Federal Credit Union<br>Attn: Barb Rose<br>27 Seneca Street<br>Geneva, NY 14456 | $1,800.00 | $1,800.00 | 100% |
| First National Bank of Colorado<br>Attn: Robert Jensen<br>3101 Iris Avenue, Suite 115<br>Boulder, CO 80301 | $2,000.00 | $2,000.00 | 100% |
| Fort Hood National Bank<br>Attn: Wynne Mahan<br>P.O. Box 73<br>Kileen, TX 76540-0073 | $1,000.00 | $1,000.00 | 100% |
| HSBC Bank USA<br>Attn: David Todtenhagen<br>One HSBC Center<br>Buffalo, NY 14203 | $27,680.00 | $27,680.00 | 100% |
| Municipal Credit Union<br>Attn: Sharline Wells<br>22 Courtland Street<br>New York, NY 10007 | $2,490.00 | $2,490.00 | 100% |
| Nassau Educators Federal Credit Union<br>Attn: Carl Vitale<br>1000 Corporate Drive<br>Westbury, NY 11590 | $1,600.00 | $1,600.00 | 100% |
| Naugatuck Valley Savings and Loan<br>Attn: Tom O'Neil<br>333 Church Street<br>Naugatuck, CT 06770 | $2,400.00 | $2,400.00 | 100% |
| Navy Federal Credit Union<br>Attn: April Haynes<br>P.O. Box 2464<br>Merrifield, VA 22116 | $1,100.00 | $1,100.00 | 100% |

AO 245B (Rev. 06/05) Sheet 5 - Criminal Monetary Penalties

| | | | Judgment - Page 8 of 10 |
|---|---|---|---|
| CASE NUMBER: 1:09-CR-34-02 | | | |
| DEFENDANT: Michael Fraver | | | |
| Northeast Community Bank<br>Attn: Dennis Kalmanowitz<br>325 Hamilton Avenue<br>White Plains, NY 10601 | $800.00 | $800.00 | 100% |
| North Fork Bank<br>Attn: Peter D'Angelo<br>275 Broadhollow Road<br>Melville, NY 11747 | $13,360.00 | $13,360.00 | 100% |
| Palisades Federal Credit Union<br>Attn: Shawn Jelen<br>300 Middletown Road<br>Pearl River, NY 10965 | $500.00 | $500.00 | 100% |
| Polish & Slavic Federal Credit Union<br>Attn: Paul Sosnowski<br>9 Law Drive<br>Fairfield, NY 07004 | $4,140.00 | $4,140.00 | 100% |
| Sovereign Bank<br>Attn: Craig Sinnamon<br>601 Penn Street<br>Reading, PA 19601 | $13,650.00 | $13,650.00 | 100% |
| Suffolk Federal Credit Union<br>Attn: Rick Klesky<br>3681 Horseblock Road<br>Medford, NY 11763 | $200.00 | $200.00 | 100% |
| Suntrust Bank<br>Attn: Steve Cross<br>250 Piedmont Avenue Northeast<br>Atlanta, GA 30303 | $2,200.00 | $2,200.00 | 100% |
| Teachers Federal Credit Union<br>Attn: Evalina Robinson<br>2410 North Ocean Avenue<br>P.O. Box 9029<br>Farmingville, NY 11738 | $1,400.00 | $1,400.00 | 100% |
| U.S. Bank, NA<br>Attn: Kim Johnson<br>US Bancorp Center<br>800 Nicollet Mall<br>Minneapolis, MN 55402 | $6,050.00 | $6,050.00 | 100% |

AO 245B (Rev. 06/05) Sheet 5 - Criminal Monetary Penalties

CASE NUMBER: 1:09-CR-34-02
DEFENDANT: Michael Fraver

Judgment - Page 9 of 10

| | | | |
|---|---|---|---|
| United States Trust Company<br>Attn: Kipp Kraemer<br>Bank of America<br>800 Market Street<br>Mail Code M01-800-06-15<br>St. Louis, MO 63101 | $8,400.00 | $8,400.00 | 100% |
| Wachovia Bank, NA<br>Attn: Legal Department<br>LLG Mail Stop PA 4418<br>401 Market Street<br>Philadelphia, PA 19101 | $13,600.00 | $13,600.00 | 100% |
| Wauwatosa Savings Bank<br>(Waterstone Bank)<br>Attn: Dan Schaich<br>11200 W. Plank Court<br>Wauwatosa, WI 53226 | $920.00 | $920.00 | 100% |
| **TOTALS:** | $257,690.00 | $257,690.00 | |

[ ] Restitution amount ordered pursuant to plea agreement $ _____

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [✔] The interest requirement is waived for the   [ ] fine   [✔] restitution.

  [ ] The interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

AO 245B (Rev. 06/05) Sheet 6 - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: 1:09-CR-34-02 | Judgment - Page 10 of 10 |
| DEFENDANT: Michael Fraver | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [✔] Lump sum payment of $ $257,890 due immediately, balance due
    [ ] not later than    or
    [✔] in accordance with    [ ] C,    [ ] D,    [ ] E, or    [✔] F below; or

B [ ] Payment to begin immediately (may be combined with    [ ] C    [ ] D, or    [ ] F below); or

C [ ] Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D [ ] Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [✔] Special instructions regarding the payment of criminal monetary penalties:

While incarcerated in the Bureau of Prisons, the Defendant shall pay at least $25.00 per quarter toward his monetary penalties and restitution if assigned a non-UNICOR or grade 5 UNICOR job; or at least 50% of his monthly pay if assigned a UNICOR grade 1-4 job. Within thirty days of the commencement of the term of supervised release, the Defendant shall pay his monetary penalties and restitution at a rate of at least $10 per month. The Court will reassess the Defendant's ability to pay from time to time upon the probation officer's recommendation or the Defendant's petition to reassess his ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✔] Joint and Several (Defendant and Co-Defendant names and Case Numbers, Total Amount, Joint and Several Amount and corresponding payee, if appropriate.):

    Jeffrey McCurdy, Case No. 1:09-CR-34-01, $257,690.00, Michael Gregorio, Case No. 1:09-CR-34-04, $257,690.00.

[ ] The defendant shall pay the cost of prosecution.
[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest;